[687 NYS2d 395]

In the Matter of DONNA F. SHEIDLOWER (Admitted as DONNA FAITH YANOFSKY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 29, 1999

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for petitioner.

*Brennan Fabriani & Novenstern,* Mount Kisco (*Timothy J. Brennan* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition that contained

nine charges of professional misconduct against her. In her answer, the respondent admitted the factual allegations contained in the petition, but denied that she was guilty of any professional misconduct. Prior to the hearing, the petitioner stipulated to all of the factual allegations contained in the petition. After the hearing, the Special Referee sustained all of the charges of professional misconduct against the respondent except Charges Two, Five, and Seven. The Grievance Committee now moves to confirm the Special Referee's report insofar as it sustains Charges One, Three, Four, Six, Eight, and Nine, and to disaffirm the report insofar as it fails to sustain the remaining charges. The respondent opposes the Grievance Committee's motion and argues that the sanction imposed should be limited to a public censure.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

The law firm of Eisner & Levy was retained to represent AMP Products in a collection matter. The respondent, during her employment with Eisner & Levy, was assigned to the AMP Products case. Between January 15, 1991 and June 3, 1996, the respondent sent 12 letters and an unsigned proposed judgment to CST Co. and/or Wright Holmes in which she misrepresented the status of the AMP Products case. When the respondent testified at the offices of the petitioner on November 14, 1997, she acknowledged that she made misrepresentations in the aforementioned letters and that they were all inaccurate.

Charge Two alleged that, based on the foregoing allegations, the respondent engaged in conduct that adversely reflects on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Three alleged that the respondent neglected a legal matter entrusted to her, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). In or about 1990, the respondent began handling the AMP Products collection matter. She failed to take appropriate and substantial steps to protect AMP Products' interests.

Charge Four alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). The respondent misled the petitioner about her knowledge and recollection of the AMP Products collection matter.

Charge Five alleged that, based on the foregoing allegations, the respondent engaged in conduct that adversely reflects on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), and conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Six alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). The respondent represented James Alexander in a collection matter and made misrepresentations to him regarding the status of his case.

Charge Seven alleged that, based on the foregoing allegations, the respondent engaged in conduct that adversely reflects on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Eight alleged that the respondent neglected a legal matter entrusted to her, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

In or about 1990 or 1991, the respondent began representing James Alexander in the matter of *Alexander v Bassery*. She failed to take appropriate and substantial steps to protect Mr. Alexander's interests in the matter.

Charge Nine alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

The respondent testified at the petitioner's offices on May 2, 1997 that she sent a letter dated March 11, 1997 to the petitioner on March 11 or 12, 1997. However, the respondent did not send the March 11, 1997 letter to the petitioner as she testified.

Based on the respondent's admissions, her stipulation, and her testimony at the hearing, all of the charges of professional misconduct have been sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider the mitigating evidence in the record, her bona fide efforts to address her personal problems, her admissions, and expressed remorse.

The respondent has no prior disciplinary history.

Under the totality of the circumstances, the respondent is publicly censured for her professional misconduct.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm, in part, and disaffirm, in part, the report of the Special Referee is granted to the extent that all of the charges are sustained; and it is further,

Ordered that the respondent, Donna F. Sheidlower, is censured for her professional misconduct.